**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2016 MSPB 44**

Docket No. DE-0831-14-0340-I-1

**Richard L. Miller,**

**Appellant,**

**v.**

**Office of Personnel Management,**

**Agency.**

December 20, 2016

Debra D'Agostino, Esquire, Washington, D.C., for the appellant.

Roxann Johnson, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1    The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which reversed and remanded its reconsideration decision regarding the computation of the appellant's Civil Service Retirement System (CSRS) annuity. For the reasons discussed below, we GRANT the petition for review, REVERSE the initial decision, and AFFIRM OPM's reconsideration decision.

BACKGROUND

¶2    The appellant has a complicated history of civilian and military service that began in 1970 and concluded in 2012. *See, e.g.*, Initial Appeal File (IAF), Tab 4

at 46, 55, Tab 22, Initial Decision (ID) at 2-4. The periods most relevant to this decision include August 27 to October 25, 1990, and August 22, 1994, to December 22, 1995. *See, e.g.*, IAF, Tab 1 at 6, Tab 11 at 26-37; ID at 7-9.

¶3 During the first pertinent period, the appellant was both a civilian employee with the Defense Intelligence Agency (DIA) and an Air Force reservist when he was called to active duty, effective August 27, 1990. IAF, Tab 4 at 25, 55, Tab 11 at 77. The appellant was in a leave without pay (LWOP) status with the DIA beginning August 27, 1990. PFR File, Tab 1 at 8, Tab 3 at 5; ID at 8. The DIA separated him effective June 22, 1991. IAF, Tab 4 at 25, Tab 11 at 77.

¶4 During the next pertinent period, the appellant was reinstated to a civilian service position with the DIA, effective August 22, 1994. IAF, Tab 4 at 25, Tab 11 at 77. He then retired from the DIA effective December 22, 1995, pursuant to a Voluntary Early Retirement Authority (VERA) authorized by OPM. IAF, Tab 11 at 77, 156. In the interim, effective September 1, 1994, he also retired from active duty with the Air Force under a Temporary Early Retirement Authority (TERA). IAF, Tab 4 at 50. However, the Air Force Board for Correction of Military Records (AFBCMR) later corrected the appellant's records to retroactively designate the period beginning September 1, 1994, as active military duty. IAF, Tab 12 at 26-29. As a result of this correction, the appellant no longer met the requirements of his VERA and TERA retirements, and they were canceled. IAF, Tab 4 at 13, 25, 38, 49, Tab 12 at 39.

¶5 The appellant eventually returned to civilian service with the DIA until his final retirement in 2012. IAF, Tab 4 at 21-25. Following that 2012 retirement, OPM found that the appellant had approximately 15 years and 3 months of creditable Federal service for purposes of his CSRS annuity. *Id*. at 11, 13-14. After the appellant disputed that calculation, OPM issued its reconsideration decision, finding that the appellant had 15 years, 3 months, and 29 days of creditable Federal service. *Id*. at 5-7. In calculating the appellant's creditable service, OPM excluded the periods from August 27 to October 25, 1990, and from

August 22, 1994, to December 22, 1995. *Id*. at 6. The appellant filed this appeal. IAF, Tab 1.

¶6 Relying on OPM's *CSRS and Federal Employees Retirement System (FERS) Handbook for Personnel and Payroll Offices* (1998) (Handbook), the administrative judge found that the appellant was potentially entitled to additional civilian service credit from August 27 through October 25, 1990, and remanded the matter to OPM for further processing.[1] ID at 7-8; Handbook, *available at* https://www.opm.gov/retirement-services/publications-forms/csrsfers-handbook/ (last visited Dec. 15, 2016). He also found that the appellant was entitled to civilian service credit from August 22, 1994, through December 22, 1995. ID at 9. OPM has filed a petition for review disputing those findings. Petition for Review (PFR) File, Tab 1. The appellant has filed a response. PFR File, Tab 3.

¶7 We issued an order asking OPM to clarify the application of its Handbook to the determination of the appellant's CSRS service credit for purposes of his annuity calculation. PFR File, Tab 4. OPM has responded to the order, and the appellant has replied. PFR File, Tabs 5-6.

ANALYSIS

¶8 Pursuant to 5 U.S.C. § 8332(c)(1)(A), a Federal employee covered under the CSRS who, like the appellant, first became an employee before October 1, 1982, is generally entitled to have active-duty military service performed before his separation from Federal service included as CSRS creditable service for retirement annuity calculation purposes. However, as detailed below, section 8332(c)(2) provides that an employee usually cannot receive both military and

---

[1] The administrative judge also found that the appellant was not entitled to civilian service credit from June 21 through 30, 1982, because he did not waive his military service credit for the same period. ID at 5-7. Neither party disputes that finding on review, and we decline to disturb it.

civilian retirement service credit for the same periods. *Forsythe v. Office of Personnel Management*, 85 M.S.P.R. 593, ¶¶ 6, 9 (2000). Section 8332(c)(2) states the following:

> If an employee or Member is awarded retired pay based on any period of military service, the service of the employee or Member may not include credit for such period of military service unless the retired pay is awarded—
>
> (A) based on a service-connected disability—
>
> (i) incurred in combat with an enemy of the United States; or
>
> (ii) caused by an instrumentality of war and incurred in line of duty during a period of war as defined by section 1101 of title 38; or
>
> (B) under chapter 1223 of title 10 (or under chapter 67 of that title as in effect before the effective date of the Reserve Officer Personnel Management Act).

5 U.S.C. § 8332(c)(2);*see* 5 C.F.R. § 831.301(a)(2) (stating the same exception using different language).

¶9　　　In addition, section 8332(j) provides that, absent a deposit, post-1956 military service is excluded from civilian service credit once an employee becomes eligible for Social Security old-age benefits. *Hooten v. Office of Personnel Management*, 114 M.S.P.R. 205, ¶ 6 (2010). Section 8332(j)(1) states:

> Notwithstanding any other provision of this section, [post-1956] military service, except military service covered by military leave with pay from a civilian position . . . shall be excluded in determining the aggregate period of service on which an annuity . . . is based . . . if the individual . . . is entitled, or would on proper application be entitled, at the time of that determination, to monthly old-age or survivors benefits under section 402 of title 42 based on the individual's wages and self-employment income.

5 U.S.C. § 8332(j)(1); *see* 5 C.F.R. § 831.301(a)(3) (stating the same exception using different language); *see also* 5 U.S.C. § 8332(j)(2) (permitting an employee to make a service deposit, with interest, in order to receive credit for military service otherwise excluded under section 8332(j)(1)).

August 27 – October 25, 1990

¶10      It is undisputed that the appellant was simultaneously employed as a civilian at DIA and performing active-duty military service for the Air Force during the period of August 27, 1990, to June 22, 1991. IAF, Tab 4 at 51, Tab 11 at 77. OPM did not include that period in his civilian service credit computation because of the concurrent active-duty military service. IAF, Tab 4 at 6-7, 11. The administrative judge found that because the appellant was in an LWOP status from August 27 to October 25, 1990, he was entitled to CSRS service credit if he was required to make, and did make, a military service deposit for that period.[2] ID at 8. In doing so, he relied on section 22A6.1-2(A) of the Handbook, which states that an individual first employed in a CSRS-covered position before October 1, 1982, is entitled to civilian service credit for periods that he is considered to be on both active duty with the military and on leave of absence from his civilian position. ID at 8. As the administrative judge observed, the Handbook indicates that a deposit may be required depending on the employee's eligibility for Social Security benefits. ID at 8; Handbook, § 22A6.1-2(A)(1). He remanded this issue to OPM to determine whether the appellant was required to make, and did make, a deposit, then to recalculate the annuity accordingly. ID at 8. We reverse this finding.

¶11      An appellant bears the burden of proving his entitlement to retirement benefits by preponderant evidence. *See Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986); 5 C.F.R. § 1201.56(b)(2)(ii). Based upon our review of the record, the appellant failed to meet that burden.

---

[2] The appellant did not claim CSRS service credit for the period from October 26, 1990, through his separation from the DIA on June 22, 1991. IAF, Tab 11 at 36-37.

¶12     The administrative judge's interpretation of OPM's Handbook is contrary to the plain language of section 8332(c)(2).[3] *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984) (stating that courts and agencies must give effect to clear congressional intent); *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 13 (2016) (observing that if the language of a statute is clear, it is conclusive of its meaning absent clearly expressed legislative intent to the contrary).  Section 8332(c)(2) precludes the award of double credit for overlapping periods of civilian and military service, except under circumstances that do not appear to apply in this case. *See Forsythe*, 85 M.S.P.R. 593, ¶ 9 (finding that OPM properly denied an appellant CSRS service credit for periods during which his military and civilian service overlapped); 5 C.F.R. § 831.301(a)(2).  Here, the appellant received military retirement service credit for the period August 27 to October 25, 1990. IAF, Tab 4 at 25.  In the absence of proof that the appellant waived this credit, he cannot receive CSRS credit for the same period.  IAF, Tab 4 at 13, 51.

¶13     This is the case regardless of whether the appellant made or could make a deposit.  The Board has recognized that OPM is charged by Congress with interpreting civil service retirement law and, as such, its interpretation of civil service retirement statutes is entitled to great deference unless the interpretation is clearly erroneous. *Hicks v. Office of Personnel Management*, 44 M.S.P.R. 340, 344 (1990).  The Board also has recognized that the Handbook lacks the force of law, but is entitled to deference in proportion to its "power to persuade." *Warren v. Department of Transportation*, 116 M.S.P.R. 554, ¶ 7 n.2 (2011) (citations omitted), *aff'd per curiam*, 493 F. App'x 105 (Fed. Cir. 2013).  In the instant matter, OPM has concluded that 5 U.S.C. § 8332(c)(2) controls.  Moreover, the

---

[3] According to OPM, this provision of its Handbook would only apply if the appellant was not in receipt of military retired pay, or if he met one of the exceptions listed in 5 U.S.C. § 8332(c)(2)(A)-(B).  PFR File, Tab 1 at 13-14, Tab 5 at 8-9.

Handbook does not explain why the general prohibition against an individual receiving both civilian and military service credit for the same period, delineated in both the statute and regulation, would not apply in a situation like this.[4] *See* 5 U.S.C. § 8332(c)(2); 5 C.F.R. § 831.301(a)(2). Therefore, we do not find OPM's Handbook persuasive, and to the extent that the Handbook may conflict with 5 U.S.C. § 8332(c)(2) and 5 C.F.R. § 831.301(a)(2), the statute is controlling. *Graves*, 123 M.S.P.R. 434, ¶ 13.

¶14 On review, the appellant presents a September 2016 decision issued by the Department of Veterans Affairs' Board of Veterans' Appeals, finding that he incurred two service-connected medical disorders. PFR File, Tab 6 at 15, 30-33. He argues that this decision shows that he meets the exception in section 8332(c)(2)(A) permitting both military and CSRS retirement credit for "retired pay . . . awarded based on a service-connected disability." PFR File, Tab 6 at 7-8. However, he does not present argument or evidence that either service-connected disorder was the basis for an award of retired pay. *Id.* Therefore, his new evidence does not state a basis for review. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (finding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

August 22, 1994 – December 22, 1995

¶15 For the period of August 22, 1994, to December 22, 1995, the appellant was employed as a civilian at DIA. IAF, Tab 11 at 77. However, as a result of AFBCMR's correcting his military service dates, his military records were

---

[4] OPM asserts that it is currently revising its Handbook to ensure that it comports with 5 U.S.C. § 8332(c), (j). PFR File, Tab 1 at 16 n.3, Tab 5 at 9.

corrected to reflect continuous military service during this period. IAF, Tab 4 at 48-50, 61, Tab 12 at 26, 39.

¶16     The administrative judge found that these circumstances fell within an exception, entitling the appellant to civilian service credit. ID at 9. In doing so, he relied on section 22A6.1-4(B) of the Handbook, which provides for CSRS service credit when a court awards a former service member retroactive military reinstatement "with back pay and allowances." *Id.* According to this provision, neither a deposit for military service, nor waiver of military service credit, is required. Handbook, § 22A6.1-4(B). Agencies are directed to consult with OPM before crediting such service. *Id.* The administrative judge ordered OPM to recompute the appellant's annuity to include this period. ID at 10. Again, we reverse.

¶17     Under the circumstances, we are persuaded by the interpretation of 5 U.S.C. § 8332(c)(2) that OPM has maintained throughout this appeal; we are not persuaded by the Handbook to the extent that it may suggest a different interpretation. Although section 22A6.1-4(B) of the Handbook suggests that a "court" judgment could result in an individual's entitlement to both civilian and military retirement pay for the same period, it is unclear whether that includes a decision by the AFBCMR. In any event, the provision directs agencies to consult OPM for an advisory opinion when such a court judgment exists—it does not appear to provide a definitive entitlement. More importantly, the Handbook again fails to explain why the general prohibition against an individual receiving both civilian and military service credit for the same period, delineated in both the statute and regulation, would not apply. *See* 5 U.S.C. § 8332(c)(2); 5 C.F.R. § 831.301(a)(2). Therefore, we do not find OPM's Handbook persuasive.

¶18     In the absence of proof that the appellant waived his military retirement service credit, he has not shown that he is entitled to CSRS credit for the period

of August 22, 1994, to December 22, 1995.[5]  5 U.S.C. § 8332(c)(2); IAF, Tab 4 at 13, 54.  To the extent that the Handbook conflicts with 5 U.S.C. § 8332(c)(2) and 5 C.F.R. § 831.301(a)(2), the statute remains controlling.  *Graves*, 123 M.S.P.R. 434, ¶ 13.

¶19      We recognize that the appellant has alleged that he did not receive military retirement credit for this period.  PFR File, Tab 3 at 12-13.  However, the evidence he cites, a letter from the Defense Finance and Accounting Service, does not prove his claim.  IAF, Tab 15 at 53.  Instead, it states that, following the AFBCMR decision, the appellant received 15 months of constructive Air Force "non-pay" service credit for the period 1994 through 1996.  *Id.*  The appellant suggests that the "non-pay" notation shows that he has not received military retirement pay for that period, but we are not persuaded.  PFR File, Tab 3 at 12-13.  The letter indicates that these 15 months were part of a larger "total of 63 months of constructive [military] service credit . . . approved by the Secretary of the Air Force" for the appellant.  IAF, Tab 15 at 53.  In addition, documentation associated with the appellant's retroactive reinstatement to active duty shows that his military pay would be offset by interim civilian earnings.  IAF, Tab 12 at 27, 29.  Therefore, it appears that the reference to "15 months of constructive service credit non-pay" simply indicates that the appellant did not receive back pay, but otherwise received military service credit for that period.

---

[5] The appellant argues that no deposit is required because DIA withheld CSRS contributions from his pay during this period.  PFR File, Tab 3 at 15; *see* 5 U.S.C. § 8332(j) (discussing when such a deposit is required).  The record reflects that the appellant requested a refund for those contributions.  IAF, Tab 12 at 50.  According to OPM's records, these withholdings were to be refunded at retirement.  IAF, Tab 4 at 25.  In any event, because the appellant failed to meet his burden to prove that he waived his military retirement service credit, we find it unnecessary to resolve whether a CSRS deposit would be required.

¶20    The appellant has failed to meet his burden of proving that he is entitled to receive the benefits he seeks.  Accordingly, we reverse the initial decision and affirm OPM's reconsideration decision.

## ORDER

¶21    This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se

Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.